**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**



FILED
CLERK, U.S. DISTRICT COURT
JAN 14, 2019
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

Marlene Meraz et al.,

    Plaintiff,

v.

Broadcast Music, Inc. et al.,

    Defendant.

2:18-cv-09010 VAP (MAAx)

**Order DENYING Plaintiffs' Motion to Remand
(Doc. No. 15.)**

On December 7, 2018, Plaintiffs Marlene Meraz and Sasha Pisterman ("Plaintiffs") filed a Motion to Remand ("Motion") the instant action to the California Superior Court for the County of Los Angeles ("Superior Court"). (Doc. No. 15). Defendant Broadcast Music, Inc. ("Defendant") filed an Opposition to Plaintiff's Motion on December 17, 2018,[1] (Doc. No. 17), and Plaintiffs filed a Reply on December 19, 2018, (Doc. No. 18).

After considering all papers filed in support of and in opposition to the Motion, the Court DENIES Plaintiffs' Motion. The Court finds this matter to

---

[1] Defendant's Opposition was filed shortly after the Court's 4:00 p.m. deadline, but as Plaintiffs were not prejudiced, the Court accepts the Opposition on its merits.

be appropriate for resolution without a hearing, pursuant to Local Rule 7-15.[2]

## I. BACKGROUND

On September 17, 2018, Plaintiffs filed the initial Complaint in the Los Angeles Superior Court, and Defendant timely removed the action to this court. (Doc. No. 1). While the Complaint's caption lists ten claims, the Complaint itself pleads twelve: (1) Employment Discrimination (Race) – Hostile Environment; (2) Employment Discrimination (Race) – Disparate Treatment; (3) General Negligence and Negligence Per Se; (4) Employment Discrimination (Retaliation); (5) Employment Discrimination (Unlawful Harassment); (6) Intentional Infliction of Emotional Distress; (7) Wrongful Termination; (8) Whistleblower Violation (Lab. Code § 1102.5); (9) Wage Violations on behalf of Plaintiff Meraz; (10) Wage, Hour, and Rest Break Violations on behalf of Plaintiff Pisterman; (11) Breach of Oral Contract on behalf of Plaintiff Pisterman; and (12) Sexual Harassment – Hostile Environment and Retaliation on behalf of Plaintiff Pisterman. (Doc. No. 1-1.) Plaintiffs seek to recover (1) general, special and statutory damages according to proof at trial; (2) interest; (3) attorneys' fees and the cost of the suit; (4) punitive damages; and (5) further relief as is proper under the circumstances. (*Id.* at 60.)

---

[2] Local Rule 7-15 states in pertinent part that the "Court may dispense with oral argument on any motion except where an oral hearing is required by statute, the F. R. Civ. P. or these Local Rules."

2

1    Plaintiffs move to remand the action to the Superior Court, contending
2    that the Court's jurisdiction is improper for lack of complete diversity of
3    citizenship, as Defendant is a citizen of the state of California.  (Doc. No.
4    15.)

## II.    LEGAL STANDARD

Removal jurisdiction is governed by statute.  See 28 U.S.C. §§ 1441 et seq.; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress" (citations omitted)).  Defendants may remove a case to a federal court when a case originally filed in state court presents a federal question or is between citizens of different states. *See* 28 U.S.C. §§ 1441(a)-(b), 1446, 1453.  Only those state court actions that originally could have been filed in federal court may be removed.  28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The Ninth Circuit has held that removal "should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 698 (9th Cir. 2005).  A federal court's jurisdiction "must be rejected if there is any doubt as to the right of removal," and a "defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III. DISCUSSION

Defendant opposes remand, contending that as its principal place of business is in New York, it is not a citizen of California, resulting in a complete diversity of citizenship. (Doc. No. 17.) The Court concurs.

### A. Defendant's Principal Place of Business is in the State of New York

For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where [the] corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 557 U.S. 77, 92-93 (2010). Typically, this is "the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings…." *Id.* at 93.

In support of its contention that its principal place of business is in the State of New York, Defendant has submitted an unrefuted declaration that its headquarters is in Manhattan, (Doc. No. 17-1 at 2); that Defendant's President and Chief Executive Officer, as well as multiple Senior and Executive Vice Presidents work from this headquarters, (*id.*); and that this New York-based senior management team includes the Vice President who oversees Plaintiffs' department, (*id.* at 3). While Plaintiffs argue (without making any formal objections) that this evidence is "deficient in all respects

4

and should not be considered," (Doc. No. 18 at 2), it amply allows the Court to conclude that Defendant's nerve center and principal place of business is in the State of New York.

This determination is consistent with the conclusions of other courts in this district that have considered similar facts. *See, e.g., Bosco Legal Servs., Inc. v. Hiscox Inc.*, No. EDCV 18-48-GW (SHKx), 2018 WL 3012936, at *4 (C.D. Cal. June 11, 2018) (ruling that a corporation was a citizen of New York because its Chief Executive Officer, Chief Underwriting Officer, and other executives were located in its New York headquarters); *Portillo v. Chipotle Mexican Grill, Inc.*, No. EDCV 17-01497 ABJ (CXx), 2018 WL 637386, at *2 (C.D. Cal. Jan. 31, 2018) (finding that a business was a citizen of Colorado based on an uncontested declaration that high-level officers directed activities from its Denver headquarters); *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 940 (C.D. Cal. 2011) (determining Massachusetts corporate citizenship in part because five of twelve executive officers worked from the corporation's Massachusetts headquarters);

Plaintiffs contend that while Defendant operates its business in California because it "is a music, performance right company which derives if [*sic*] lifeblood from the music industry, film industry and television industry which is based in the County of Los Angeles, State of California." (Doc. No. 15 at 8.) Plaintiffs ignore, however, that the pertinent question is not whether a business operates in, or derives its lifeblood from, a certain state. As the Supreme Court has observed, a business "may have several plants,

many sales locations, and employees located in many different places," but if corporate citizenship depends on all of those factors, "it will not be as easy to determine which of these different business locales is the 'principal' or most important 'place.'" *Hertz*, 559 U.S. at 95. Plaintiffs similarly argue that "as can be easily imagined, BMI is driven by its creative department which is based in its Los Angeles offices." (Doc. No. 15 at 8-9.) This would appear to suggest different "nerve center" tests for different aspects of a business, meaning that a corporation's citizenship could depend on the business operation at issue. The Supreme Court explicitly rejected this approach, noting that the test laid out in *Hertz* "points courts in a single direction, toward the center of overall direction, control, and coordination," so that courts would "not have to try to weigh corporate functions, assets, or revenues different in kind, one from the other." *Hertz*, 559 U.S. at 96.

As Defendant's principal place of business is in the State of New York, Defendant is accordingly a citizen of that State.

**B. Complete Diversity of Citizenship Exists**

Federal courts have "diversity" jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). Proper jurisdiction under Section 1332 requires complete diversity of citizenship, so each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005) (internal citation omitted).

The parties agree that the amount-in-controversy requirement is met, meaning the Court has jurisdiction of the case if complete diversity of citizenship exists. As "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," 28 U.S.C. § 1332(c)(1), and Defendant is incorporated in Delaware, (Doc. No. 1-1 at 3), with a principal place of business in New York, it is a citizen of both States. The individual defendants are also citizens of New York, (Doc. No. 6 at 3-4), and Plaintiffs are citizens of California, (Doc. No. 1 at 5).

Accordingly, there is a complete diversity of citizenship, and the Court has jurisdiction of the case.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**

Dated: 1/14/19

Virginia A. Phillips
Chief United States District Judge